UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MELVIN DEVOST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 22-3010-CSB |
| | ) |
| DALE DAVIS, *et al.*, | ) |
| | ) |
| Defendants | ) |

ORDER

**MICHAEL M. MIHM, U.S. District Judge:**

This cause is before the Court on Defendants Campbell and Conrad's motion for sanctions.

Federal Rule of Civil Procedure 41(b) provides, in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." *Id.* The United States Court of Appeals for the Seventh Circuit has explained that "Rule 41(b) serves not only to protect defendants but also to aid courts in keeping administrative control over their own dockets and to deter other litigants from engaging in similar dilatory behavior. The rule is an expression of an inherent power . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *3 Penny Theater Corp. v. Plitt Theaters, Inc.*, 812 F.2d 337, 340 (7th Cir. 1987)(internal quotations omitted).

In addition, Federal Rule 16(f) authorizes the Court to sanction a party who "fails to obey a scheduling or other pretrial order." Fed. R. Civ. Pro. 16(f)(1)(C). And, the Rule

further states that the Court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)," in the face of such noncompliance.

Finally, Federal Rule 37 authorizes a district court to dismiss a case for discovery violations or for bad faith conduct in litigation. *Greviskes v. Universities Research Ass'n, Inc.*, 417 F.3d 752, 759 (7th Cir. 2005)(citations omitted); *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011)(holding that a district court may dismiss a case pursuant to Federal Rule 37 when the court finds "willfulness, bad faith or fault on the part of the defaulting party."). A district court may also dismiss a cause under its inherent authority to manage its docket and an individual case. *Greviskes*, 417 F.3d at 759.

However, the sanction of dismissal must be "proportionate to the circumstances." *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009). Dismissal under Federal Rule 37 is a high bar. *Ford v. Larson*, 2021 WL 3513592, * 1 (S.D. Ill. Aug. 10, 2021).

In the instant case, Plaintiff has failed to comply with the Court's Orders, and he has failed to satisfy his obligations to litigate this case that he filed. Specifically, Plaintiff has failed to provide his discovery responses to Defendants Campbell and Conrad as ordered by the Court and as required by the Federal Rules of Civil Procedure. The Court warned Plaintiff in the Scheduling Order and in its June 14, 2023 Order that it would sanction him and would dismiss this case if he failed to comply timely with his discovery obligations.

Despite the Court's warnings, Plaintiff has not (according to Defendants Campbell and Conrad) provided his discovery responses to Defendants Campbell and

Conrad. In addition, Plaintiff has not responded to Defendants' motion for sanctions, and the time for him to do so under the Local Rules has passed. Therefore, the Court will dismiss this case pursuant to Rule 16(f), Rule 37(b), Rule 41(b), and as a sanction for failing to comply with the Court's Orders.

**IT IS, THEREFORE, ORDERED:**

    1.    **Defendants Campbell and Conrad's motion for sanctions [70] is GRANTED.**

    2.    **The Clerk of the Court is directed to dismiss Defendants Campbell and Conrad as party Defendants in this case.**

    3.    **The Court will enter judgment in Defendants Campbell and Conrad's favor and against Plaintiff after Plaintiff's claims against the other named Defendants have been resolved.**

Entered this 8th day of September 2023

                                                         /s Michael M. Mihm
                                                         MICHAEL M. MIHM
                                       UNITED STATES DISTRICT JUDGE